1

2

3

4

5                              **UNITED STATES DISTRICT COURT**

6                                    **DISTRICT OF NEVADA**

7    CHARLES NEWTON,                          )
                                              )
8              Plaintiff,                      )
                                              )
9         v.                                   )        2:16-cv-01824-KJD-GWF
                                              )
10   STATE OF NEVADA et al.,                   )        **SCREENING ORDER**
                                              )        **ON AMENDED COMPLAINT**
11             Defendants.                      )
                                              )
12   _____ )

13

14          Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections

15   ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and

16   has filed two applications to proceed *in forma pauperis*, a motion to amend complaint, a

17   motion of inquiry, and a motion for appointment of counsel.  (ECF No. 4, 5, 5-1, 8, 9, 10, 11).

18   The Court now addresses the applications to proceed *in forma pauperis* and screens Plaintiff's

19   amended civil rights complaint pursuant to 28 U.S.C. § 1915A.

     **I.    *IN FORMA PAUPERIS* APPLICATION**[1]

20          Before the Court is Plaintiff's application to proceed *in forma pauperis.*  (ECF No. 10).

21   Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is

22   not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C.

23   § 1915.  Plaintiff will, however, be required to make monthly payments toward the full $350.00

24   filing fee when he has funds available.

25   ///

26

27
     ───────────────────────
28          [1]   Plaintiff has filed two applications to proceed *in forma pauperis*.  (ECF No. 8, 10).
     The Court denies the August 2016 one (ECF No. 8) as moot and will treat the September 2016
     one (ECF No. 10) as the operative application to proceed *in forma pauperis*.  The Court also
     denies Plaintiff's inquiry about his financial certificates (ECF No. 9) as moot because Plaintiff
     has filed a fully complete application to proceed *in forma pauperis* (ECF No. 10) in this case.

## II.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.

*See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.    SCREENING OF AMENDED COMPLAINT[2]

In the amended complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP").  (ECF No. 5-1 at 1). Plaintiff sues Defendants State of Nevada, the NDOC, NDOC Director James Dzurenda, and Reentry Coordinator Pardee.  (*Id.* at 1-2).  Plaintiff alleges three counts and seeks monetary

---

[2]  The Court grants Plaintiff's motion to amend his complaint (ECF No. 5).  The Court will screen the amended complaint (ECF No. 5-1).

1   damages.  (*Id.* at 6, 9).

2       The amended complaint alleges the following: On April 12, 2016, Plaintiff entered

3   HDSP and was not permitted to work or program because he needed a social security card.

4   (*Id.* at 3).  By not working, Plaintiff lost work credits up to six days a month.  (*Id.*)  Plaintiff kited

5   Pardee for the proper forms but did not receive an answer or an application.  (*Id.*)  This

6   prolonged Plaintiff's imprisonment due to the loss of work time credits.  (*Id.*)  Pardee's actions

7   have caused Plaintiff to worry about his release date.  (*Id.* at 5).  Plaintiff alleges cruel and

8   unusual punishment (Count I), mental anguish (Count II), and libel (Count III).  (*Id.* at 4-6).

9        The Court dismisses the complaint in its entirety because Plaintiff fails to state any

10  cognizable claim based on the allegations in his complaint.  First, Plaintiff fails to state a claim

11  for libel.  Libel, a form of defamation, requires a false and defamatory statement.  *See Flowers*

12  *v. Carville*, 292 F.Supp.2d 1225, 1232 (D. Nev. 2003), *aff'd*, 161 F.App'x 697 (9th Cir. 2006).

13  There are no allegations of false statements in this case.

14      Second, to the extent that Plaintiff is attempting to allege a due process violation based

15  on his alleged right to work in prison, this claim also fails.  The U.S. Supreme Court has held

16  that the U.S. Constitution "does not guarantee good-time credit for satisfactory behavior while

17  in prison." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The Constitution also does not grant

18  a prisoner an independent right to prison employment.  *Collins v. Palczewski*, 841 F.Supp.

19  333, 336 (D. Nev. 1993).  Moreover, Nevada's statutes and prison administrative regulations

20  do not create an independent liberty right to prison employment.  *See id.* at 336-340.  As such,

21  Plaintiff fails to state a due process claim because he fails to establish a liberty interest in

22  prison employment.

23      Third, Plaintiff cannot allege any constitutional violations for Pardee's failure to send

24  him a social security form.  As such, the Court dismisses this case in its entirety for failure to

25  state a claim.  The Court dismisses the case with prejudice as amendment would be futile.

26  **IV.    MOTION FOR APPOINTMENT OF COUNSEL**

27      Plaintiff has filed a motion for appointment of counsel.  (ECF No. 11).  A litigant does

28  not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims.

4

1
2
3
4
5
6
7
8
9
10

*Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).   Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*.  "Neither of these considerations is dispositive and instead must be viewed together." *Id*.  In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel.

11

**V.   CONCLUSION**

12
13

For the foregoing reasons, IT IS ORDERED that the application to proceed *in forma pauperis* (ECF No. 8) is denied as moot.

14

IT IS FURTHER ORDERED that the motion for inquiry (ECF No. 9) is denied as moot.

15
16
17
18
19
20
21

IT IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) without having to prepay the full filing fee is granted.  Plaintiff shall **not** be required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

22
23
24
25
26
27
28

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Charles Newton, #1063241** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

1
2
3

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

4

IT IS FURTHER ORDERED that the motion to amend complaint (ECF No. 5) is granted.

5
6

IT IS FURTHER ORDERED that the Clerk of the Court shall file the amended complaint (ECF No. 5-1).

7
8
9

IT IS FURTHER ORDERED that the amended complaint (ECF No. 5-1) is dismissed in its entirety, with prejudice and without leave to amend, as amendment would be futile for failure to state a claim.

10
11

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

12
13

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

14
15

DATED: This ___21___ day of February, 2017.

16
17

_____
United States District Judge

18
19
20
21
22
23
24
25
26
27
28